UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

L & B TRANSPORT, L.L.C.                          CIVIL ACTION

VERSUS                                           NUMBER 06-0310-FJP-SCR

JERRY BUSBY

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Baton Rouge, Louisiana, June 21, 2006.

                       STEPHEN C. RIEDLINGER
                       UNITED STATES MAGISTRATE JUDGE

United States District Court
Middle District of Louisiana

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FILED**

**June 21, 2006**

L & B TRANSPORT, L.L.C.

CIVIL ACTION

VERSUS

NUMBER 06-0310-FJP-SCR

JERRY BUSBY

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Remand filed by plaintiff L & B Transport, L.L.C.  Record document number 4.  The motion is opposed.[1]

This case arises out of an employment contract between plaintiff L & B Transport, L.L.C. (L & B) and defendant Jerry Busby.  Plaintiff is a trucking company that transports bulk liquids and solids.  Defendant was formerly employed with the plaintiff but currently works for a competitor company, Action Resources.  Plaintiff asserted that the defendant violated a non-disclosure provision in his contract with L & B and improperly solicited L & B customers and truck drivers while working with Action Resources.  Plaintiff filed suit in state court against the defendant claiming general damages in the form of past lost income and possible future lost income.  Plaintiff also requested injunctive relief to prohibit the defendant from disclosing allegedly confidential and proprietary information, contacting the

---

[1] Record document number 9.  Plaintiff filed a supplemental memorandum.  Record document number 12.

plaintiff's customers contained on a confidential list, and providing services to these customers.

Defendant removed the action based on diversity jurisdiction under 28 U.S.C. § 1332(a).[2]  Defendant alleged the complete diversity of the parties.[3]  Defendant also asserted that the plaintiff's petition alleged damages in excess of the required jurisdictional amount of $75,000.[4]

Plaintiff moved to remand on the ground that the claims alleged in the state court petition do not satisfy the jurisdictional amount required under § 1332(a).  Plaintiff asserted that the defendant failed to submit any evidence demonstrating that the plaintiff's damages were worth more than $75,000.  In support of its motion to remand, the plaintiff also filed an affidavit stating that the amount in controversy did not exceed $75,000.[5]

In his opposition, the defendant argued that it is facially apparent from the petition that the amount in controversy exceeds $75,000.   Defendant asserted that the plaintiff's potential

---

[2] Record document number 1, Notice of Removal, ¶ 5.

[3] Record document number 15, Second Amended Notice of Removal, ¶¶ 4, 5, and 6.  In the notice of removal, the defendant alleged that he is a citizen of Alabama and that the plaintiff is a limited liability company which has one member, L. & B. Holdings, L.L.C. The only member of that limited liability company is Louis Vielee, who is a citizen of Louisiana.

[4] Notice of Removal, ¶ 5.

[5] Record document number 6, supporting memorandum, affidavit of Louis B. Vielee, president of L & B.

2

indefinite loss of commercial revenues clearly demonstrates a claim exceeding the requisite jurisdictional amount.  Defendant relied on state court cases awarding damages in claims involving business competition.

In the alternative, the defendant argued that the facts in controversy support finding that the plaintiff's claims satisfy the amount in controversy requirement.  Defendant submitted the affidavits of Jerry Busby and Stan Wood, the chief executive officer for Action Resources, to establish facts showing the potential loss of gross revenues by the plaintiff and the potential loss of the defendant's job and salary if the injunction is enforced.[6]

### Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[7] the Fifth Circuit has

---

[6] Record document number 9, opposing memorandum, Exhibits A and B, affidavits of Jerry Busby and Stan Wood, respectively.

[7] Article 893(A)(1) was amended in June 2004.  The amendment provided that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original,
(continued...)

established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.;*

---

[7](...continued)
amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." This amendment was in effect at the time the plaintiff filed the petition. Plaintiff failed to include a general allegation stating that the claim was less that the required jurisdictional amount. While this factor supports of the defendant's position that the plaintiff's claims are not less than the required amount, it is not determinative and is considered in light of other evidence.

*Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994).  However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal.  *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00.  *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180 (1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

"In an action for declaratory or injunctive relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'"  *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002), *citing*, *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  When determining which perspective the amount in controversy is calculated, the Fifth Circuit has consistent applied this "plaintiff viewpoint" rule which measures the benefit of the action to the plaintiff.  *A-Best Sewer & Drain Service, Inc. v. A Corp*, 2005 WL 1038419, 2

5

(E.D. La. Apr. 22, 2005), *citing*, *Garcia v. Koch Oil Co. Of Texas, Inc.*, 351 F.3d 636 (5th Cir. 2003); *see also*, *Puckett Machinery Company, Inc. v. United Rentals, Inc.*, 342 F.Supp.2d 610, 614-15 (S.D. Miss. 2004).

## Analysis

It is not facially apparent from the allegations of the plaintiff's petition that the value of its claim exceeds $75,000 exclusive of interest and costs.  Plaintiff generally alleged that it sustained loss and damage from the defendant's use of confidential information obtained from the plaintiff to solicit its customers and employees.  The allegations are devoid of any facts describing the plaintiff's damages with any particularity.  Without any facts or information about the nature and extent of losses sustained by the plaintiff, it would be pure speculation to conclude that the jurisdictional amount is satisfied by the allegations in this petition.  The cases cited by the defendant are not helpful because the damages assessed in those cases are specific to the facts of the case, particularly the revenues generated by the type of business and number of customers.[8]

Because the amount in controversy is ambiguous, the parties

---

[8] *First Page v. Network Paging Corp.*, 628 So.2d 130 (La. App. 4th Cir. 1993), *writ denied*, 634 So.2d 379 (La. 1994)(plaintiff company was a provider of radio paging services) and *Class Action Claim Services, L.L.C. v. Clark*, 04-591 (La.App. 5 Cir. 12/14/04) 892 So.2d 595 (plaintiff company was in the business of assisting property owners in submitting claims for damages incurred as a result of defective Masonite siding used on their property).

post-removal affidavits will be considered in determining the amount in controversy.  Both affidavits submitted by the defendant contained information regarding Busby's salary and employment responsibilities.[9]  Defendant argued that the possible loss of his income should be considered as part of the amount in controversy calculation.  Because the Fifth Circuit has consistently employed the "plaintiff viewpoint" rule when determining the amount in controversy, the value of the defendant's potential loss of employment and his salary are not considered in the jurisdictional amount.

Busby's affidavit also contains information regarding the number of customers shared between the two companies and the general revenues generated by customers of L & B.  Busby stated that approximately 90% of L & B's customers individually generated at least $100,000 of gross revenues in fiscal year 2005.[10]  Busby also testified that approximately 10 out of 15 customers hired by both companies were using Action Resources prior to his employment there.  Thus, about five customers began using Action Resources after Busby's employment.  Given the potential profits generated by the customers in this type of business, the loss of revenue from five customers indicates that the damages sought for Busby's wrongful solicitation of customers is well-over the jurisdictional amount.

---

[9] Busby affidavit, ¶¶ 5-9 and 14-15; Wood affidavit, ¶¶ 5-8.

[10] Busby affidavit, ¶ 11.

Plaintiff also sought to enjoin the defendant from contacting any of its customers whose names are on confidential lists. If 90% of these customers generate $100,000 of gross revenue, an injunction against soliciting these customers has a potential value of over $75,000. Consequently, the defendant has demonstrated by a preponderance of the evidence that the amount in controversy required under § 1332(a) is satisfied in this case.

Because the defendant has satisfied his burden, the plaintiff must demonstrate to a legal certainty that the damages sought do not exceed the required jurisdictional amount. Although L & B's president stated in his affidavit that the amount in controversy does not exceed $75,000, exclusive of interest and costs, his affidavit does not contain any additional facts to support this conclusory assertion. Nor does the affidavit constitute a binding stipulation. Therefore, the plaintiff has not shown that its damages are less than the amount in controversy required under § 1332(a).

## Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff L & B Transport, L.L.C. be denied.

Baton Rouge, Louisiana, June 21, 2006.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

8